IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audel Adan Herrera-Amaya,<br><br>    Plaintiff,<br><br>v.<br><br>Arizona, State of, et al.,<br><br>    Defendants. | No. CV-14-02278-TUC-RM<br><br>**ORDER** |

    Pending before the Court is a Motion for Protective Order (Doc. 31) filed by Plaintiff Audel Adan Herrera-Amaya. Defendants filed a Response (Doc. 35) on July 24, 2015. The Court has reviewed the parties' briefs and has determined that the Motion for Protective Order can be resolved without oral argument.

    In his Motion, Plaintiff indicates that Defendants scheduled his deposition to take place at the Attorney General's Office in Tucson, Arizona, but that he has been unable to obtain permission from the United States Government to allow him to enter the United States for purposes of the deposition. Plaintiff indicates that he was able to obtain an agreement from the Mexican Consulate to allow the deposition to take place at the offices of the Instituto Nacional de Migracion at the Port of Entry between the United States and Mexico, but that Defendants rejected this option. Plaintiff also indicates that he offered to make himself available for a video deposition, but that Defendants rejected that option as well. Plaintiff indicates he could seek a Humanitarian Parole into the United States at the border on the date of his scheduled deposition, but that he would need to pay $445.00,

which he cannot afford, and that his entry would be decided on a case-by-case basis. Defendants respond that Plaintiff should be required to make himself available for deposition in the district in which he brought suit. Defendants also argue that the sworn declaration submitted by Plaintiff in support of his Motion for Protective Order is inadmissible hearsay.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). In exercising its "considerable discretion in determining the place of a deposition," the court "may consider the relative expenses of the parties." *Willis v. Mullins*, 2006 WL 894922, at *2 (E.D. Cal. Apr. 4, 2006) (internal quotation omitted).

While Defendants are correct that plaintiffs are *generally* required to make themselves available for deposition in the district in which they brought suit, *Modica v. Cox*, 2013 WL 1281759, at *2 (E.D. Cal. Mar. 26, 2013), the Court finds that Plaintiff had little choice in selecting a forum within the United States for raising the claims at issue in this lawsuit. Though Plaintiff might be able to obtain a Humanitarian Parole into the United States, his entry would be decided on a case-by-case basis on the day of his scheduled deposition and would not be guaranteed. If he is unable to obtain a Humanitarian Parole, he will have wasted $445.00. It appears that litigation costs are already standing in the way of settlement of this case, and the Court is unwilling to needlessly create extra costs.

The Court finds that the most appropriate and cost-efficient course of action under the circumstances is for Plaintiff's deposition to be conducted via videoconferencing technology such as Skype. *See, e.g.*, *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538 (S.D. Ga. Jan. 9, 2014) (ordering Skype depositions of plaintiffs who lacked necessary immigration status to freely return to United States and who argued that

1  depositions in forum would be unduly expensive).  Alternatively, Defendants may elect
2  to take Plaintiff's deposition in person at the offices of the Instituto Nacional de
3  Migracion.

4  **IT IS ORDERED** that Plaintiff's Motion for Protective Order (Doc. 31) is
5  **granted** and the deposition of Plaintiff scheduled for July 13, 2015 is vacated.  Plaintiff's
6  deposition shall be conducted via videoconferencing technology such as Skype, unless
7  Defendants elect to take Plaintiff's deposition in person at the offices of the Instituto
8  Nacional de Migracion at the Nogales Port of Entry between the United States and
9  Mexico.

10  Dated this 10th day of August, 2015.

_____
Honorable Rosemary Márquez
United States District Judge