**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audel Adan Herrera-Amaya, | No. CV-14-02278-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law and for a New Trial (Doc. 193).[1] On September 10, 2018, an eight-day jury trial was held in this matter. (*See* Doc. 162, 172.) The Court granted a directed verdict on one Fourth Amendment search claim, and following just over three hours of deliberation, the jury returned a verdict in Plaintiff's favor on a second Fourth Amendment search claim. (Doc. 174.) The jury awarded nominal and punitive damages on both claims. (*Id*.) The jury found for Defendants on all remaining civil rights and intentional tort claims. (*Id*.) Judgment was entered accordingly on September 20, 2018. (Doc. 182.) The Court will deny entry of judgment as a matter of law and deny Plaintiff's request for a new trial.

**I.     Renewed Motion for Judgment as a Matter of Law**

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, Plaintiff renews his request for the Court to find "that there was no license plate violation and that the traffic

---

[1] Also pending is Defendants' Statement of Verified Taxable Costs and Rule 68 Sanctions (Doc. 186), Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs (Doc. 187), and Plaintiff's Motion to Supplement Opposition to Defendants' Statement of Costs and Sanctions (Doc. 196). These motions will be resolved separately.

stop was unconstitutionally extended[,] which resulted in the unreasonable search." (Doc. 193 at 2 (capitalizations omitted).) Plaintiff supports his Motion by reference to the arguments made in his Partial Motion for Summary Judgment (Doc. 61 at 4-6, 6-14; Doc. 72 at 2-3 and 3-4) and in his original Motion for Judgment as a Matter of Law, brought in open court at the close of the seventh trial day (Doc. 171 at 2-3; Doc. 193 at 2.) In addition, Plaintiff argues that judgment as a matter of law is appropriate because Duckett had no legal basis under Arizona statutes to extend the traffic stop to issue a "warning" rather than a "traffic complaint." (Doc. 193 at 2.) Lastly, Plaintiff argues that the jury's finding of an unreasonable search shows that his "Fourth Amendment rights were violated when [Duckett] extended the stop and conducted the search without probable cause[.]" (Doc. 193 at 2.)

Defendants respond that this Motion, along with the Motion for a New Trial, are simply untimely renewed motions for reconsideration of the Court's order on partial summary judgment. (Doc. 198 at 2-4.) Defendants also argue that the Motion is improper under Rule 50 of the Federal Rules of Civil Procedure because Plaintiff failed to raise the arguments made therein or cite the relevant facts and case law when he made his oral motion during trial. (*Id.* at 3-4.)

In reply, Plaintiff argues that his Rule 50 Motion for Judgment as a Matter of Law is not improper. (Doc. 199 at 2.) He asserts that "the undisputed evidence at trial showed that Officer Duckett broadened the scope of the traffic stop . . . ." (Doc. 199 at 2.) In addition, he asks the "Court to clarify that a violation of the Fourth Amendment is not premised upon the average length of a stop . . . but, rather that the Fourth Amendment prohibits the extension of a stop . . . based upon the unique facts of each particular stop." (Doc. 199 at 3.) Plaintiff argues that officers must act diligently and expeditiously in completing a traffic stop and that any prolongation unsupported by reasonable suspicion contravenes the driver's Fourth Amendment rights. (Doc. 199 at 3-4.) Plaintiff then draws the Court's attention to Defendants' non-responsiveness to his argument that Duckett lacked authority under Arizona law to extend the stop to issue a written traffic

"warning" as opposed to a "traffic complaint" or oral warning. (Doc. 199 at 5.) Plaintiff asserts that "as a matter of law" Plaintiff did not violate the "clearly visible" license plate requirement of A.R.S. § 28-2354 (Doc. 199 at 5), although Plaintiff fails to explain what implication such a conclusion should have on the Court's consideration of his Motion.

On the seventh day of the jury trial, Plaintiff presented his Rule 50(a) Motion for Judgment as a Matter of Law. (*See* Doc. 171.) In the Motion, Plaintiff sought five rulings as a matter of law: (1) Plaintiff did not violate Arizona's license plate statute, (2) Duckett unreasonably extended the traffic stop by asking unrelated questions before returning Plaintiff's paperwork, (3) the traffic stop was not at any time consensual, (4) Duckett's running his hand along the top of the truck bed constituted an unreasonable search, and (5) Duckett's knocking the side of the truck bed with his hand constituted an unreasonable search. (*See* Tr. Trans., Sept. 19, 2018 at 258-67.) The Court orally granted the Rule 50(a) Motion only as to the fifth argument; namely, the Court found that when Duckett knocked his hand along the side of the truck bed he effected a search within the meaning of the Fourth Amendment and he did so absent probable cause. (Tr. Trans., Sept. 19, 2018 at 267.)

A party may renew a motion for judgment as a matter of law no later than 28 days after the entry of judgment in a jury trial. Fed. R. Civ. P. 50(b). Failure to bring a Rule 50(a) motion before the case was submitted to the jury will preclude bringing a renewed motion under Rule 50(b). *OTR Wheel Eng'g, Inc. v. West Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018). "Likewise, a 'party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion.'" *Id.* (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). The Federal Rules require a motion for judgment as a matter of law to "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

"The test [on a Rule 50(b) motion] is whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that

conclusion is contrary to that of the jury." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (internal quotations omitted)). In considering a Rule 50(b) motion, the court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (quoting *Ostad v. Or. Health Sci. U.*, 327 F.3d 876, 881 (9th Cir. 2003) (internal quotation marks omitted)). Following consideration of the renewed motion, the court may "(1) allow judgment on the verdict . . . ; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b).

Plaintiff's Rule 50 Motion primarily seeks for the Court to vacate the jury verdict and enter judgment as a matter of law in Plaintiff's favor as to two issues: (1) whether Duckett's unrelated questions unconstitutionally extended the traffic stop, and (2) whether Duckett's extending the stop to issue a "warning" as opposed to a "traffic complaint" or oral warning was unconstitutional. (Doc. 193 at 2.) Liberally construed, Plaintiff raised the first ground for relief in his Rule 50(a) motion but not the second ground. Accordingly, the Court will deny the second ground as waived, *see OTR Wheel*, 897 F.3d at 1016, and address only the first ground.

In his pre-verdict Rule 50(a) motion, Plaintiff argued that he was entitled to judgment on the issue of unconstitutional seizure because Duckett asked unrelated questions, and, based on Duckett's testimony, Duckett only obtained independent reasonable suspicion based upon Plaintiff's non-responsiveness to some of those unrelated questions. (Tr. Trans. Sept. 19, 2018 at 260, 262-63.) Although Plaintiff is correct "that the jury verdict found that Officer Duckett violated [Plaintiff's] Fourth Amendment rights by conducting a full search of his vehicle[,]" (Doc. 174 at 2), the jury also found that Plaintiff was not unreasonably seized based upon the length and scope of the seizure. (*See* Doc. 174 at 2 (jury verdict finding against Plaintiff on his constitutional unreasonable seizure claim); *see also* Doc. 173 at 25 (instruction regarding unreasonable seizure).)

"[L]aw enforcement may not extend a traffic stop with tasks unrelated to the traffic mission, absent independent reasonable suspicion." *United States v. Landeros*, 913 F.3d 862, 866 (9th Cir. 2019) (citing *Rodriguez v. United States*, 135 S.Ct. 1609, 1616-17 (2015)). If new grounds for suspicion unfold over the course of a stop, the stop may be permissibly extended. *See United States v. Rodgers*, 656 F.3d 1023, 1027 (9th Cir. 2011).

Considering the evidence presented at trial in the light most favorable to Defendants, *Colony Cove*, 888 F.3d at 450, the Court finds that the evidence does not lead inescapably to only one conclusion regarding whether there was independent reasonable suspicion for extending the scope of the traffic stop. *See Diaz*, 840 F.3d at 604. Therefore, the jury's conclusion that reasonable suspicion existed, and no unconstitutional seizure occurred, is not contrary to the evidence, and must be upheld. Plaintiff's Rule 50(b) Motion for Judgment as a Matter of Law will be denied.

## II. Motion for a New Trial

Plaintiff seeks a new trial on three grounds: (1) there was insufficient evidence to support the jury's verdict that Duckett had reasonable suspicion to initiate the traffic stop, (2) the Court failed to include Plaintiff's requested language regarding use of excessive force in Jury Instruction 22, and (3) the Court failed to incorporate Plaintiff's requested changes to Jury Instruction 21. (*See* Doc. 193.) In support of the Motion, Plaintiff attaches at Exhibit 1 his requested changes to Jury Instruction 22. (Doc. 193-1.)

In response, Defendants assert that none of Plaintiff's reasons for requesting a new trial are sufficient because the evidence "clearly established" that Plaintiff was "following too closely" (Doc. 198 at 5); considering objective factors was appropriate for the excessive-force inquiry (*id.* at 6); and the Court correctly declined to amend Jury Instruction 21 as Plaintiff requested (*id.* at 6-9). Plaintiff filed a reply in support of his Motion (Doc. 199).

"The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)). The court

may grant a Rule 59 motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Such reasons may include a 'verdict that is contrary to the clear weight of the evidence,' a verdict 'based upon false or perjurious evidence,' or 'to prevent a clear miscarriage of justice.'" *Crowley v. Epicept Corp.*, 883 F.3d 739, 751 (9th Cir. 2018). Erroneous or inadequate jury instructions may also serve as bases for a new trial. *Murphy*, 914 F.2d at 187.

## A. Reasonable Suspicion to Initiate the Traffic Stop

Plaintiff asserts that "[t]here was insufficient evidence to support the jury's verdict that [Duckett] had reasonable suspicion" to initiate a traffic stop. (Doc. 193 at 3.) To support this assertion, Plaintiff points to "undisputed evidence" that "Duckett did not see any dangerous condition on the highway" and that Plaintiff "was maintaining a steady speed of 65 mph[.]" (*Id.*) In addition, Plaintiff relies on Duckett's testimony that Plaintiff followed less than two seconds behind another vehicle for no more than 15 seconds. (*Id.*) From this testimony Plaintiff extrapolates that he was between 11.9 and 8.5 car lengths behind the other car. (*Id.*) Duckett also testified that the two-second rule is commonly employed for determining whether a car is "following too close," but that following at 6.5 car lengths is a safe distance. Based upon this evidence, Plaintiff argues that "there was insufficient evidence to find that [Plaintiff] was following too close" and that Plaintiff, as a matter of law, did not violate A.R.S. § 28-730.[2] (*Id.* at 3-4.) Accordingly, Plaintiff argues that the court "should grant a new trial on the issue of whether [Duckett] violated [Plaintiff's] Fourth Amendment rights by" initiating the traffic stop.

Defendant's brief response asserts that "Duckett's testimony established that he had reasonable suspicion to stop Plaintiff for following too closely." (Doc. 198 at 5 (capitalization omitted).) The Court agrees. The relevant question is not whether Plaintiff did in fact violate the statute, but whether Duckett had reasonable suspicion that Plaintiff

---

[2] A.R.S. § 28-730(A) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent and shall have due regard for the speed of the vehicles on, the traffic on and the condition of the highway."

- 6 -

had violated or was violating the statute. *See Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) (holding that an officer only needs reasonable suspicion to initiate a traffic stop, and such reasonable suspicion may "rest on a mistaken understanding of the scope of a legal prohibition"). The evidence presented at trial could support a finding that Duckett had reasonable suspicion, based upon employing the two-second rule, that Plaintiff was following another vehicle "more closely than is reasonable and prudent[,]" even though the two-second rule may be inconsistent with a car-length distance approximation. *See* A.R.S. § 28-730(A). The Court will deny Plaintiff's Motion for a New Trial to the extent it is premised on the "following too closely" evidence.

### B. Excessive Force, Jury Instruction 22

Plaintiff takes issue with two sections of the excessive-force instruction. The first is with the following language, which Plaintiff requested but the Court did not include:

> [a]n officer's statement that he feared for his or other's safety or the mere possibility that an altercation might become dangerous is insufficient to warrant the use of force. There must be objective factors to justify such concern.

(Doc. 193 at 4; *see also* Doc. 193-1 at 2; Doc. 163 at 2.) Plaintiff argues that this language was necessary because, based on the instruction given, jurors could have found that Duckett did fear for his safety even in the absence of objective factors justifying the use of force for officer safety or the safety of others. (Doc. 193 at 4.) Put differently, the jury could have concluded that Duckett's "subjective fear" was sufficient to justify the use of force. (Doc. 193 at 4-5.) Plaintiff cites *Bryan v. McPherson* to support the necessity of his proposed language. 630 F.3d 805, 826 (9th Cir. 2010) ("A simple statement by an officer that he fears for his safety or the safety others is not enough; there must be objective factors to justify such a concern.") (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1281 (9th Cir. 2001)). The second section of the excessive-force instruction that Plaintiff takes issue with is the Court's use of the phrase: "the availability of alternative methods to subdue Mr. Herrera" as opposed to the phrase: "the availability of alternative methods to resolve any legitimate concerns the officer had for his safety."

1  (Doc. 193 at 5.) Plaintiff argues that his proposed language "was more specific to the factual context of this case[.]" (*Id.*) Plaintiff also argues in the alternative that a new trial is warranted on the excessive-force claims because "there was insufficient evidence to justify the use of *any* force on [Plaintiff]." (*Id.* (emphasis added).)

Defendants respond that Duckett testified to objective factors warranting a decision to handcuff Plaintiff and that based on those objective factors, jurors could properly find that Duckett's use of force was reasonable under the circumstances. (Doc. 198 at 6.) Plaintiff replies that "other than the distance the back-up officers were from the scene of the stop, all of the factors that [Defendants cite] are subjective." (Doc. 199 at 6.) He argues further that "to the extent they can be considered objective, the jury should have been instructed that they had to find that there were objective factors to justify [Duckett's] concern for officer safety." (Doc. 199 at 6-7.) Lastly, Plaintiff contends that the Court should take Defendants' failure to respond to his cited authority as an admission that said authority supports the proposition that his requested language should have been included in the instruction. (Doc. 199 at 7.)

The Court gave the following instruction regarding unreasonable seizure under the Fourth Amendment based on excessive force:

> A seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in detaining that person. In order to prove an unreasonable seizure of his person based upon excessive force, Mr. Herrera must prove by a preponderance of the evidence that Officer Duckett used excessive force in detaining Mr. Herrera. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.
>
> You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene. Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.
>
> In determining whether the officer used excessive force in this case,

consider all of the circumstances known to the officer on the scene, including:
    (1) the nature of the crime or other circumstances known to the officer at the time force was applied;
    (2) whether Mr. Herrera posed an immediate threat to the safety of the officer or to others;
    (3) whether Mr. Herrera was actively resisting arrest or attempting to evade arrest by flight;
    (4) the amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;
    (5) the type and amount of force used;
    (6) the availability of alternative methods to subdue Mr. Herrera;
    (7) the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation, and which party is more innocent;
    (8) whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;
    (9) whether a reasonable officer would have or should have accurately perceived a mistaken fact; and
    (10) whether the officer was aware of the imminent arrival of additional officers who would be able to assist with alternative methods to subdue Mr. Herrera.

(Doc. 173 at 26-27.)

    The Court's instruction is consistent with, and nearly identical to, the Ninth Circuit's Model Instruction. 9th Cir. Model Civ. Jury Inst. 9.25. In particular, the language requiring that the force be "objectively reasonable" under the circumstances is taken directly from the model instruction. Plaintiff fails to explain how an instruction requiring objective reasonableness and explaining that the "use of force [must be judged] from the perspective of a reasonable officer on the scene" fails to instruct the jury that an officer's "subjective fear" is insufficient to justify the use of force. Furthermore, the Court's instruction specifically explained that "an officer's subjective intent or motive is not relevant to your inquiry[,]" and then provided a list of ten objective factors to be

- 9 -

considered.

If Plaintiff were correct that the Court's instruction is deficient for failing to properly explain that the inquiry must be objective, then any use of Model Instruction 9.25 would necessarily be deficient. The Court does not find that the provided instruction is inadequate for failing to properly instruct the jury that objective factors should be considered in determining the reasonableness of Duckett's use of force. Accordingly, Plaintiff's Rule 59 Motion will be denied to the extent it is premised on the Court's failure to give Plaintiff's requested objective-factors language.

The Court is equally unpersuaded by Plaintiff's argument that the sixth objective factor listed in the instruction should have read "the availability of alternative methods to resolve any legitimate concerns the officer had for his safety." The language used in the sixth factor was taken directly from the Model Instruction, which provides two alternative constructions: "to take the plaintiff into custody" or "to subdue the plaintiff[.]" *See* 9th Cir. Model Civ. Jury Instr. 9.25. At the point Duckett sought to handcuff Plaintiff, Duckett was not taking Plaintiff into custody, so the Court chose the only applicable language. Plaintiff's requested modification of the Model Instruction is inconsistent with Plaintiff's request for additional "objectiveness" language, because it appears to add a partly *subjective* element to this factor. Specifically, use of the phrase "to resolve any legitimate concerns the officer had for his safety" would have required the jury to determine what *actual, subjective* concerns Duckett had for his safety and then screen those concerns for legitimacy, *i.e.* objective reasonableness. The Court finds that the Model Instruction's language was appropriate and did not result in an erroneous jury instruction. The Court will deny Plaintiff's Rule 59 Motion to the extent it is premised on the Court's use of the Model Instruction's language instead of Plaintiff's proposed language.

**C. Unreasonable Seizure, Jury Instruction 21**

As to the unreasonable-seizure instruction, Plaintiff first contends that the jury did in fact find in his favor on his unreasonable seizure claim. (Doc. 193 at 6 (citing Doc. 174

at 2).) The Court fails to grasp how a verdict "in favor of: Defendant Duckett and against Plaintiff Audel Herrera" could be interpreted as having been in Plaintiff's favor. To the extent Plaintiff seeks any relief plainly contradicted by the verdict form, the Court will deny the Motion.

In the alternative, Plaintiff argues that failure to include his requested language in the unreasonable-seizure instruction was error justifying a new trial. (Doc. 193 at 6.) He asserts that the requested "language was important as its absence allowed [Defendants] to attempt to mislead the jury into thinking it could determine whether the length of the stop was appropriate" based upon erroneous legal standards.[3] (Doc. 193 at 7.) In support of his proposed language, Plaintiff relies primarily on *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). (Doc. 193 at 6-7.)

Defendants respond, asserting that this motion is yet another improper request for reconsideration of the Court's original summary judgment Order. (Doc. 198 at 6.) Citing *Arizona v. Johnson*, 555 U.S 323, 333 (2009),[4] Defendants contend that "Plaintiff has failed repeatedly[] to support his assertion that Duckett's questioning of Herrera about topics unrelated to the stop measurably extended the duration of the stop such that he is entitled to have this Court grant him a new trial." (Doc. 198 at 7.)

Plaintiff replied in support of his Motion (Doc. 199), in which he maintains that "the jury did find in his favor" with regard to unreasonable seizure, but he again fails to explain with any particularity how he has reached this conclusion.[5] (Doc. 199 at 9.) In

---

[3] Plaintiff does not assert that Defendants did in fact try to mislead the jury, nor does he point to any instances during trial or Defendants' arguments where Defendants presented the jury with misleading information.

[4] Specifically, Defendants rely upon the proposition that "[a]n officer's inquiries into matters unrelated to the justification for the traffic stop . . . do not convert the encounter into something other than a lawful seizure, so long as the inquiries do not measurably extend the duration of the stop." *Johnson*, 555 U.S. at 333.

[5] Plaintiff makes reference to "Verdict Form 2" and how it was "framed in the alternative" and could "be construed as being equivocal on this issue[.]" (Doc. 199 at 9.) The Court assumes that Plaintiff is referring to the second question on the second page of the verdict form, which asked the jury whether Duckett conducted an unreasonable search when he ran his hand along Plaintiff's truck bed or conducted a full search of the truck. (Doc. 174 at 2.) Nevertheless, the Court is unable to make sense of Plaintiff's assertion that the jury's verdict on the unreasonable-search claim renders equivocal the jury's clear defense verdict on the unreasonable-seizure claim.

any event, Plaintiff argues that he has "explicitly shown that Officer Duckett did not act expeditiously but instead began a criminal investigation without any reasonable suspicion of criminal behavior." (Doc. 199 at 8-9.)

The relevant Ninth Circuit Model Instruction reads:

In determining whether the length or scope of the seizure was reasonable, consider all of the circumstances, including:

    (1)    the intrusiveness of the stop, such as the methods the police used, the restriction on the plaintiff's liberty, and the length of the stop;

    (2)    whether the methods used were reasonable under the circumstances; and

    [(3)    insert other factors applicable to this case.]

9th Cir. Model Civ. Jury Instr. 9.21.[6]

The Court provided the jury with the following instruction under the heading "Section 1983 Claim, Unreasonable Seizure of Person – Length and Scope of the Seizure":

In determining whether the length and scope of the seizure was reasonable, consider all of the circumstances, including:

(1) the intrusiveness of the stop, such as the methods the police used, the restriction on Mr. Herrera's liberty, and the length of the stop;
(2) whether the methods used were reasonable under the circumstances; and
(3) that the stop was prolonged beyond the time reasonably required to complete the legitimate purpose of the stop.

A police officer may inquire into matters unrelated to the justification for the traffic stop so long as those inquiries do not measurably extend the duration of the stop.

I instruct you that Officer Duckett extended the length and scope of the traffic stop beyond what was required to complete the legitimate purpose of

---

[6] In preparing the jury instructions in this matter, the Court split Model Instruction 9.21 into two separate instructions. The first of these (Doc. 173 at 22-24) addresses whether there was reasonable suspicion to initiate a traffic stop; the second (Doc. 173 at 25) addresses whether an otherwise lawful traffic stop was converted into an unreasonable seizure based upon the length and scope of the stop. In a separate instruction, the Court defined "reasonable suspicion." (Doc. 172 at 21.)

the traffic stop after he returned Mr. Herrera's license and warning. It is up to you to decide whether Officer Duckett extended the length or scope of the stop before he returned Mr. Herrera's documents. If you find that Officer Duckett did not have reasonable suspicion of criminal activity when he returned Mr. Herrera's documents, or at an earlier time if you decide the stop should have ended sooner, you must find that the seizure was unreasonable.

(Doc. 173 at 25.)

Plaintiff requested that the following language be included in addition to the language of the Model Instruction:

> If an officer can complete traffic-based inquiries, expeditiously, then that is the amount of time reasonably required to complete the stop[']s mission. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)[.]
>
> A seizure justified only by a police-observed traffic violation becomes unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a warning. If an officer can complete traffic based inquiries expeditiously, than [sic] that is the amount of time reasonably required to complete the stop[']s mission. The investigative methods employed by the officer must be the least intrusive manner reasonably available to complete the officer's mission in a short period of time. Officers may not involuntarily detain individuals even momentarily without reasonable objective grounds for doing so.
>
> If a law enforcement officer asks questions unrelated to the justification for the stop[,] which measurably extend the duration of the stop, the seizure is no longer lawful under the Fourth Amendment.

(*See* Doc. 193-2 at 2; see also Doc. 132.)

After the completion of the jury trial and after Plaintiff filed the pending Motion for a New Trial, the Ninth Circuit Court of Appeals recognized for the first time that *Rodriguez* partially abrogated a prior Ninth Circuit case, *United States v. Turvin*, 517 F.3d 1097 (9th Cir. 2008). *See United States v. Landeros*, 913 F.3d 862, 866-67 (9th Cir. 2019). In *Landeros*, the Court interpreted *Turvin* as holding that a police officer can lawfully extend a traffic stop to investigate matters other than the original traffic violation, even absent reasonable suspicion of an independent offense, so long as the

circumstances surrounding the extension were reasonable. *Landeros*, 913 F.3d at 866-67. The Court in *Landeros* found that such a reasonableness standard had been squarely rejected by *Rodriguez*.[7]

Here, although the Court's instruction included the term "reasonably," it did not incorporate the reasonableness standard that the Ninth Circuit in *Landeros* concluded had been abrogated by *Rodriguez*. The instruction did ***not*** inform the jury that Duckett could, without reasonable suspicion of an independent offense, lawfully extend the stop beyond the time required to complete the traffic purpose of the stop if the circumstances of the extension were reasonable. Instead, the Court used the term "reasonably" in a manner consistent with *Rodriguez* and *Caballes* by instructing the jury to consider whether the traffic stop was prolonged beyond the time reasonably required to complete the traffic purpose of the stop. *See Rodriguez*, 135 S. Ct. at 1614-15 (citing *Caballes*, 543 U.S. at 407). The Court further instructed, consistent with *Johnson*, that an officer may ask unrelated questions only if the questions do not measurably extend the duration of the stop. Plaintiff has not shown that the Court's instruction was legally erroneous or that the Court's decision not to include Plaintiff's additional proposed language necessitates a new trial.

The Court will deny Plaintiff's Motion for a New Trial to the extent it is based upon the unreasonable-seizure instruction.

. . . .

. . . .

. . . .

. . . .

---

[7] This Court had previously reconciled *Turvin* with *Johnson* and *Rodriguez* by interpreting the phrase "unreasonably extending" as merely a shorthand reference to the substantive standard of "whether unrelated questions measurably extended the duration of a traffic stop beyond the time reasonably required to complete the purpose of the traffic stop." (Doc. 139 at 6.) Although *Landeros* undermines this Court's prior conclusion that *Turvin* can permissibly be reconciled with *Rodriguez*, it does not undermine this Court's recitation of the standard established in *Johnson* and *Caballes* that a traffic stop becomes unlawful if its duration is measurably extended beyond the time reasonably required to complete the traffic purpose of the stop.

**IT IS ORDERED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 193) is **denied**.

Dated this 28th day of June, 2019.

*Honorable Rosemary Márquez*
United States District Judge