**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audel Adan Herrera-Amaya, | No. CV-14-02278-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Rule 68 Statement of Costs (Doc. 186), Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 187), and Plaintiff's Bill of Costs (Doc. 184).[1] Following an eight-day jury trial in which Plaintiff sought relief for civil rights violations and intentional torts, a verdict was entered in Plaintiff's favor on two Fourth Amendment unreasonable search claims. The verdict was in favor of Defendants on the remaining two civil rights claims and six intentional tort claims. The instant motions followed.

**I.  Defendants' Rule 68 Statement of Costs**

Defendants request that they be awarded $11,044.00 in costs and reasonable expert fees pursuant to Ariz. R. Civ. P. 68(d) and A.R.S. § 12-332. (Doc. 186.) The Court will apply the corresponding federal rules, as federal procedural law governs this case. *See e.g. Granny Goose Foods, Inc. v. Brotherhood Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974) ("once a case has been removed to federal court, it is settled that

---

[1] Also pending are Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial (Doc. 193). These motions will be resolved separately.

federal rather than state law governs the future course of proceedings"). Plaintiff's response to the Motion seeks primarily to have the Court find that Defendants' offer of judgment was not in compliance with Rule 68 of the Federal Rules of Civil Procedure by specifically providing that it is not inclusive of costs, and thus not enforceable here. (Doc. 191 at 3.) Plaintiff also argues that Defendants are not entitled to Rule 68 costs because the judgment plus Plaintiff's attorneys' fees exceeded the offer at the time it was made. (Doc. 191 at 5.) The remainder of Plaintiff's response is directed at the discrepancies between the federal rule and the corresponding state rule governing recovery of costs following a settlement offer. (Doc. 191 at 4-5.)

Defendants' Offer Letter (Doc. 186-1), which is dated November 23, 2016, offers to accept judgment against Defendants and in favor of Plaintiff in the amount of $75,000.00. (Doc. 186-1 at 2.) In addition, the Offer Letter provides that Plaintiff must waive any claim to "separate or additional award of attorney fees and/or costs, including attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988." (Doc. 186-1 at 2.)

Rule 68 provides that if an offer of settlement is made but not accepted and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). "The award is mandatory; Rule 68 leaves no room for the court's discretion." *United States v. Trident Seafood Corp.*, 92 F.3d 855, 859 (9th Cir. 1996).

Plaintiff contends that the proper comparison for determining entitlement to Rule 68 costs is "(1) the offer made (including costs and attorneys' fees)[,] with (2) the judgment award plus accrued costs and attorneys' fees at the offer date." (Doc. 191 at 3.) On that basis, Plaintiff asserts that Defendants have not bettered their offer because Plaintiff had accrued more than $75,000 in attorneys' fees by the offer date. (Doc. 191 at 3-4.) Defendants agree that this is the proper measure. (Doc. 195 at 11 ("the court must determine the Plaintiff's entitlement to attorney's fees, if any, and based on a proration of that amount, determine whether the State Defendants have beaten their Offer").) "Where a Rule 68 offer explicitly states that it is inclusive of prejudgment interest and pre-offer

costs and attorneys' fees, the judgment to which the offer is compared must include these items if they are awarded." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir. 2003). An offer may include an amount to cover the substantive claim and an amount for accrued costs up to the offer date, without an itemization of those respective amounts. *Marek v. Chesny*, 473 U.S. 1, 6 (1985). However, to be a valid Rule 68 offer, it may not "implicitly or explicitly provide that the judgment *not* include costs[.]" *Id.* In any case, a Rule 68 offer must allow "judgment to be entered against the defendant for both damages caused by the challenged conduct and for costs." *Id.* The figures to be compared where, as here, the offer precludes a recovery of any "separate or additional" costs must be the settlement offer against the judgment obtained *plus* pre-offer costs, inclusive of attorneys' fees.[2] *Id.* at 7, 9.

Applying this rule to Defendants' November 23, 2016 offer, Defendants' statement that "Plaintiff waives any claim to a separate or additional award of attorney fees and/or costs" means that the $75,000.00 offer was inclusive of pre-offer costs and attorneys' fees as awardable under 42 U.S.C. §§ 1983 and 1988. Plaintiff received a jury verdict in his favor of $5,002.00 (*see* Doc. 182), and, as discussed in Sec. II below, Plaintiff is entitled to reasonable attorneys' fees and costs as part of his recovery. Thus, if Plaintiff had accrued costs and fees in excess of $69,998.00 by the date of the Defendants' offer, then Defendants are not entitled to collect Rule 68 costs because Plaintiff has bettered their offer.

Based upon the affidavits and billing statements attached to Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 187) and Bill of Costs (Doc. 184), and the Court's consideration and adjustment of the claimed fees for reasonableness, Plaintiff had incurred $129,165.40[3] in reasonable attorneys' fees and costs by the offer date, which

---

[2] As mentioned, the Parties both propose this approach, (*see* Doc. 187-9 at 3-4, 7, 15-16), so the Court is unsure why Plaintiff now asserts that Defendants' Offer was invalid for excluding "separate or additional" fees. (*See* Doc. 191 at 1.)
[3] In order to arrive at this figure, the Court summed Plaintiff's attorneys' fees ($126,651.00), non-taxable expenses ($0.00), and taxable costs ($2,514.40) incurred before November 23, 2016. *See* Figure 2, *infra*. The amount of non-taxable expenses incurred before November 23, 2016 is zero because Plaintiff failed to itemize the claimed expenses by date.

means that Plaintiff bettered Defendants' offer by $59,167.40. Therefore, Defendants are not entitled to receive costs incurred following their Rule 68 Offer. The Motion will be denied.[4]

**II. Plaintiff's Motion for Attorneys' Fees**

Plaintiff states that he "is eligible and presumptively entitled to his fees and costs in this matter as the prevailing party on his § 1983 civil rights claims[.]" (Doc. 187 at 5.) Plaintiff asserts that his attorneys' rates are reasonable (Doc. 187 at 8-11), and that the Court should not adjust the requested fees based on his limited success at trial (Doc 187 at 11-17). He requests a total of $459,289.68[5] in attorneys' fees and costs.

Defendants respond in opposition, arguing that in light of Plaintiff's limited success at trial, Plaintiff's request is "unreasonable in the extreme." (Doc. 195 at 1.) In support of their position, Defendants misconstrue the jury's verdict to argue that the jurors did not unanimously agree in Plaintiff's favor on any issue. (Doc. 195 at 3.) Defendants also present a chronology of settlement offers in this matter, with settlement figures from both parties ranging from $12,000.00 (Doc. 195 at 4) to $312,000.00 (Doc. 195 at 6.) In sum, Defendants argue that, in light of the "trivial size of the verdict" (Doc. 195 at 7), Plaintiff should not receive an award of attorneys' fees; alternatively, Defendants argue that the amount of any attorneys' fees award should be reduced based both on Plaintiff's limited success and Plaintiff's attorneys' "grossly inflated" hourly rate. (Doc. 195 at 11.)

Plaintiff replies that the Court should not look abstractly at the amount of the award received, but rather, should consider the award relative to the amount sought. (Doc. 197 at 2.) He asserts that he "never requested more than $10,000.00 in settlement of his damages claim during the pendency of the lawsuit." (*Id.*) In addition, Plaintiff contends that a full award of fees would not be the "windfall" the *Farrar* court cautioned against. *See Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("fee awards under § 1988 were

---

[4] Plaintiff moved for leave to supplement his opposition to Defendants' Rule 68 Motion. (Doc. 196.) The Court will deny the Motion as moot.
[5] $446,127.20 in attorneys' fees and $13,162.48 in costs.

- 4 -

never intended to produce windfalls to attorneys" (internal quotations omitted)).

### A. Plaintiff's Entitlement to Attorneys' Fees

Under the "American Rule," "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). For civil rights lawsuits brought under 42 U.S.C. § 1983, parties who prevail on the merits of their civil rights claim are entitled to a fee award under 42 U.S.C. § 1988. *Farrar*, 506 U.S. at 109. "[T]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Farrar*, 506 U.S. at 111 (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12. An enforceable damages award, including only nominal damages, requires a defendant to modify its conduct to a plaintiff's benefit and therefore suffices for the plaintiff to be considered the prevailing party. *Id.* at 112-13.

Once a party has been determined to be a 'prevailing party' a court should consider the *degree* of a party's success in assessing the propriety of a fee award. *Farrar*, 506 U.S. at 114. Following such consideration, a court may award full fees, lowered fees, or no fees. *Farrar*, 506 U.S. at 155. However, *Farrar* only directs a court to *consider* the extent of success of the prevailing party; the *Farrar* exception to the general rule that the prevailing party is entitled to fees is applicable only where the relief is *de minimis*. *Morales v. City of San Rafael*, 96 F.3d 359, 362-63 (9th Cir. 1996) (amended by *Morales v. City of San Rafael*, 108 F.3d 981 (9th Cir. 1997) (mem.)). Other considerations for determining the propriety of an award under the *Farrar de minimis* exception are "'the significance of the legal issues on which the plaintiff claims to have prevailed' and the 'public purpose' the plaintiff's litigation served." *See id.* at 363.

Where punitive damages are awarded in addition to nominal damages, only "special circumstances" that would "render an award unjust" may justify denying a

prevailing plaintiff attorneys' fees. *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005). A court should consider two factors in determining whether such special circumstances exist: "(1) whether allowing attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees." *Id.* (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999)). In *Thomas*, the Ninth Circuit remanded after determining that the district court abused its discretion by not awarding fees despite the plaintiff's "clear victory on one of his claims for relief[.]" *Thomas*, 410 F.3d at 649. The Ninth Circuit, quoting *Hensley*, instructed the district court to limit the award by only awarding fees for work done on the successful claim and on all those claims not entirely distinct from the successful claim. *Thomas*, 410 F.3d at 649 (quoting *Hensley*, 461 U.S. at 440). Claims are related if they "involve a common core of facts or are based on related legal theories[,]" and a plaintiff should recover to the extent of the relatedness. *Thomas*, 410 F.3d at 649. However "a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims[.]" *Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1122 (9th Cir. 2006). "[W]ork performed in pursuit of [] unrelated claims may be inseparable from that performed in furtherance of the related or successful claims." *Id*.

Plaintiff's three-page complaint alleged civil rights violations based in the Fourth, Fifth, and Fourteenth Amendments, as well as the intentional torts of false imprisonment, assault, battery, false arrest, and malicious prosecution. (Doc. 1-3 at 2-4.) The complaint does not allege a specific dollar figure in its request for damages, nor did Plaintiff present the jury with any specific damage request, so it cannot be said that Plaintiff was unsuccessful relative to the *amount* of damages he sought. Ultimately, Plaintiff was successful on his constitutional claim that Defendant conducted unreasonable searches in violation of the Fourth Amendment. (*See* Doc. 182.) This success resulted from a jury verdict in Plaintiff's favor for which the jury awarded $1.00 in nominal damages and $2,500.00 in punitive damages, and a directed verdict for which the jury gave the same

award. (*See* Doc. 171, 174.) Based upon this award, Plaintiff is properly considered the "prevailing party." Although Defendants argue that Plaintiff's limited success should preclude his receipt of attorneys' fees, his success was certainly not *de minimis*, nor was it technical[6] (Doc. 195 at 6), such that the *Farrar* exception is applicable. Plaintiff received punitive damages, and the Court does not find special circumstances that would render Plaintiff's attorneys' fee award unjust. Accordingly, Plaintiff is entitled to reasonable attorneys' fees and costs.

Because all of Plaintiff's claims arose from one traffic stop and the accompanying searches and arrest, all of the claims arose from a common core of facts such that they are at least somewhat "related." Despite the facial relatedness due to the underlying set of facts, there were two primary legal theories propounded by Plaintiff: those based upon constitutional civil rights violations and those based in tort. Further breaking up the claims, Plaintiff was successful on his Fourth Amendment unreasonable search constitutional claim based on two distinct acts; he was unsuccessful on his unreasonable seizure and excessive force constitutional claims.

Plaintiff was able to isolate certain entries in the billing statements for attorney Graham as having been done in furtherance of his unsuccessful claims. (Doc. 187-4 at 36 (indicating that all entries marked with an asterisk were "[w]ork that was totally or partially related to claims on which plaintiff was not successful.").) Such entries account for 43.6 hours, or approximately 4.25 percent of the total hours claimed by attorney Graham. None of the other billing statements included designations for unrelated work. Because these items were not inseparable on an item-by-item level from the other work, it is appropriate to reduce Plaintiff's requested hours based upon these entries. Further, the Court will assume that if at least 4.25 percent of the hours expended by attorney Graham were in pursuit of claims upon which Plaintiff was ultimately unsuccessful, at least 4.25 percent of the hours expended by attorney Risner and paralegal Ruiz were

---

[6] Defendants' argument on this issue appears to ignore entirely that the jury awarded nominal damages and *punitive damages*. Thus, this case is not simply a "nominal damages case" as Defendants' argument assumes.

similarly spent. The Court will excise these hours from the total requested hours for attorney Graham, and reduce attorney Risner and paralegal Ruiz's total hours by 4.25 percent in order to arrive at the total hours used for calculating the lodestar.

## B. Calculating the Award

Following a determination as to a party's entitlement to a fee award, a court must then calculate a reasonable fee. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). "'A 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case'" and should be based upon the "prevailing rate in the community for similar work[.]" *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). A court calculates a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate; this figure is called the lodestar, and once calculated, may be adjusted based on a number of factors. *Vogel*, 893 F.3d at 1158. "In calculating the lodestar, district courts have a duty to ensure that claims for attorneys' fees are reasonable and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case." *Id.* at 1160. Plaintiff bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

### 1. Lodestar Calculation

Plaintiff contracted with counsel to pay $400.00 for every attorney hour, and $90.00 for every paralegal hour expended on his case contingent on receipt of an award.[7] (Doc 187-2 at 2-3.) Consistent with this contract, Plaintiff requests $400 per hour for attorneys Graham and Risner, $90 per hour for paralegal and translator Ruiz, and $60 per hour for legal assistant Graham. (*See* Doc. 187 at 11.) In support of these hourly rates, Plaintiff submits affidavits by each, justifying the relevant rate based on each's respective

---

[7] Attorney Graham describes this as a "retainer agreement" despite the fact that it is contingent on an award (*see* Doc. 187-1 at 4; Doc. 187-2 at 2); Attorney Risner indicated in his affidavit that his fees were to be "determined after success[.]" (Doc. 187-7 at 3.)

- 8 -

experience. Also attached to the Motion is a 2013[8] publication promulgated by the State Bar of Arizona, which lists billing rates in a number of different categories. (Doc. 187-3 at 2-6.) The report indicates that the median hourly billing rate in Arizona is $255 per hour and that the average is $280. In every specifically reported category applicable to Plaintiff's counsel, the requested $400 rate is above the 75th percentile, and in a few cases is at the 95th percentile of the reported rates.[9] (*See* Doc. 187-3 at 2-3.) Both attorneys Graham[10] and Risner[11] have extensive experience in civil rights litigation and have otherwise demonstrated that they are entitled to a fee above the median for attorneys in the community. The Court finds that $375 per hour is a reasonable hourly rate for attorneys Graham and Risner.

Fees for work performed by non-attorneys such as paralegals and legal assistants may be included in an award of reasonable attorneys' fees if it is the prevailing practice in the relevant community to bill such fees separately. *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). However, if an "attorney's hourly rate already incorporates the cost of work performed by non-attorneys," then such work is not separately compensable. *Id*. at 1257. Some courts in the District of Arizona have held that separate charges for secretarial or clerical work are not properly included in an award of attorneys' fees because such work should be subsumed in a law firm's overhead. *See, e.g.*, *Macia*, 2014 WL 3747608, at *1; *J & J Sports Prods., Inc. v. Mosqueda*, No. CV-12-00523-PHX-DGC, 2013 WL 5336848, at *3 (D. Ariz. Sept. 24, 2013); *Schrum v. Burlington N. Santa Fe Ry. Co.*, No.

---

[8] The events at issue in this lawsuit took place in 2013; Plaintiff filed his lawsuit in 2014. (*See* Doc. 1.)

[9] There are five categories and respective hourly rates at the 75th percentile applicable to Plaintiff's counsel: (1) $300 for a two-attorney firm; (2) $375 for an attorney with more than 25 years of experience; (3) $310 for a firm with its office in Pima County; (4) $300 for personal injury plaintiff's attorneys; and (5) $350 for a partner in a firm with 2-7 partners.

[10] Graham has been litigating personal injury and wrongful death cases for over thirty years. (Doc. 187-1 at 3.) His affidavit indicates that he "rarely" bills on an hourly rate, and that "[t]here is no readily ascertainable 'market rate' for plaintiffs' attorneys in civil rights cases . . . ." (Doc. 187-1 at 3.)

[11] Risner has been practicing law for over 50 years and has represented clients in civil rights cases throughout his career. (Doc. 187-7 at 3.)

1  CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008). However, other cases have reached the opposite conclusion. *See, e.g., Richards v. Del Webb Cmtys., Inc.*, No. CV-11-368-PHX-SMM, 2013 WL 5445440, at *2 (D. Ariz. Sept. 30, 2013) (allowing recovery of fees for services of legal assistants as part of attorneys' fee award); *Skydrive Ariz., Inc. v. Quattrocchi*, No. CV 05-2656-PHX-MHM, 2011 WL 1004945, at *4 (D. Ariz. Mar. 22, 2011) (same). In light of Plaintiff's counsel's high-end rate and the retainer/contingent agreement, which only provided for hourly payment for a paralegal, the Court finds that legal assistant work (claimed by P. Risner at Doc. 187-8) should have been subsumed into the overhead and cannot be separately claimed. The paralegal and translation work, however, claimed by M. Ruiz at $90 per hour is reasonable as the agreement's separate provision for such paralegal fees is strong evidence they are not subsumed in the firm's overhead.

Plaintiff claims a total of 1,054.917[12] attorney hours and 208.883 paralegal/translator hours over more than four years of litigation. Plaintiff supports his request with itemized descriptions of tasks, which are dated and indicate the amount of time in hours and minutes that were spent on any given task. (*See* Doc. 187-4; Doc. 187-7.) Task-based itemizations must describe the services rendered sufficiently for the court to assess the reasonableness of the charge, and the court may reduce for any inadequate descriptions.[13] LRCiv 54.2(e)(2). In addition, an attorney is not permitted to claim hours for purely clerical tasks that should have otherwise been subsumed into the firm's overhead. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (reciting the rule that an attorney may not seek reimbursement for purely clerical tasks at an attorney rate); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than

---

[12] Plaintiff's billing statements record hours and minutes; these have been converted to hours, and going forward the Court will round to the nearest tenth of one hour.
[13] The local rules set out the manner in which to adequately describe (A) telephone conferences, (B) legal research, (C) preparation of pleadings and other papers, and (D) travel time. LRCiv 54.2(e)(2). In addition, if an inadequately described or otherwise unreasonable entry is blocked-billed with an acceptable entry, the Court may deduct the entire entry. *Med. Protective Co. v. Pang*, 25 F. Supp. 3d 1232, 1247 (D. Ariz. 2014) (eliminating all unreasonable, block-billed entries).

billed at paralegal rates"). The Court has reviewed the itemized descriptions for adequacy and has reduced the total attorney and paralegal hours based upon the unreasonableness of the charge or an inadequate description. *See* Appendix A.1-3. (detailing line-item reductions).

For claimed paralegal hours (Doc. 187-5), billing statements similarly detail the task performed by date. In addition to the usual billing statement, however, Plaintiff also includes "email time calculation" (Doc. 187-6), where he claims hours spent on emails, totaling 23.9, calculated by comparing the metadata of when an email as "created" and when it was "sent." (*See* Doc. 187-6 at 3-4.) Aside from the obvious shortcomings of that method for calculating the time spent drafting emails,[14] the paralegal billing statement also includes description lines like "Emails to and from Defs counsel" (Doc. 187-5 at 5) and "Emails to and from Magistrate Velasco's chambers regarding settlement conference" (Doc. 187-5 at 3). Because the time periods recorded by paralegal Ruiz and the time "calculated" from the email metadata overlap, the Court cannot ascertain which are duplicative and which are not. Thus, the Court will exclude the time "calculated" from the metadata from the total of paralegal hours.

Following these reductions, the Court reduced the hours claimed by attorney Graham in preparing the Motion for Fees by 4.25 percent for work done on unsuccessful claims, discussed Sec. A., *supra*. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) ("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award."). The total attorney hours for lodestar purposes is 938.2 and the total paralegal hours is 165.8.

Using the above reasonable fees multiplied by the respective reasonable hours expended at that rate, the lodestar is $366,747.00.[15] *See* Figure 1, *infra*.

**2.    Lodestar Adjustment**

---

[14] For example, this method would require the Court to assume that every time paralegal Ruiz created an email, he drafted and sent it without setting it aside to work on something else or leaving his desk with the email draft window open on his computer.
[15] $351,825.00 in attorney time, plus $14,922.00 in paralegal time.

- 11 -

The second part of the analysis requires the Court to determine whether the lodestar should be adjusted "upward or downward, based on factors not subsumed in the lodestar figure." *Kelly*, 822 F.3d at 1099. In examining whether the requested fees are reasonable, the Court considers the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988)); LRCiv 54.2(c)(3). A mere statement that the Court has considered the foregoing factors is insufficient; the Court must "articulate with sufficient clarity the manner in which it makes its determination." *Carter*, 757 F.3d at 869 (citation and internal quotation marks omitted). The Court must also articulate a reason for the amount of a reduction, and, if reasoned, the Court may make "across-the-board percentage cuts in either the number of hours claimed or in the final lodestar figure." *Gates v. Dukemejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). A reduction of no more than ten-percent however, falls within the court's discretion and requires no specific explanation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

The vindication of civil rights is a valuable endeavor. As the Ninth Circuit has explained, "[t]he congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." *Ackerley Commc'ns, Inc. v. City of Salem, Or.*, 752 F.2d 1394, 1397 (9th Cir. 1985) (quoting *Seattle School Dist. No. 1 v. State of Wash.*, 633 F.2d 1338, 1348 (9th Cir. 1980)). To that end, public interest considerations sometimes "transcend the conferring of a financial benefit on a prevailing party."

1    *Ackerley*, 752 F.2d at 1397.

2         The jury ruled in favor of Plaintiff on one of four § 1983 claims, and the Court granted a directed verdict on an additional § 1983 claim. (*See* Doc. 174; Doc. 171.) Plaintiff was unsuccessful on the intentional tort claims. (Doc. 174 at 9-11.) The Court finds that the strong public policy directing compensation to attorneys who succeed in vindicating violations of civil rights balances any concern with Plaintiff's limited success or with producing a windfall for his attorneys. The Court finds that the result obtained does not weigh for or against a reduction. Nor do the remaining *Kerr* factors, on balance, weigh sufficiently in favor of reducing the lodestar to warrant any specific reduction.

        As previously mentioned, the Court may reduce an award by up to 10 percent as an exercise of discretion, without a specific explanation. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) ("The district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." (internal quotation marks omitted)); *see also Schwartz v. Secretary of Health and Human Servs.*, 73 F.3d 895, 905 (9th Cir. 1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success"). A purely discretionary reduction could arguably be justified based upon Plaintiff's limited success; however Plaintiff suffered a constitutional injury, which the jury found grievous enough to warrant an award of punitive damages. The Court declines to reduce the fee in an exercise of its discretion. Plaintiff is entitled to $366,747.00 in reasonable attorneys' fees.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**Figure 1.** This table summarizes the process for arriving at a reasonable fee award. For clarity of presentation, the Court limited hours listed in the table to one decimal place. For details regarding individual calculations, refer to the appendices attached to this Order.

|              | Hours Requested | Hours Awarded | Hourly Rate | **Lodestar**  | **Reasonable Fee** |
| ------------ | --------------- | ------------- | ----------- | ------------- | ------------------ |
| K.K. Graham  | 1,024.0         | 921.5         | 375         | **$345,562.50** | **$345,562.50**    |
| W. Risner    | 31.0            | 16.7          | 375         | **$6,262.50**   | **$6,262.50**      |
| M. Ruiz      | 208.9           | 165.8         | 90          | **$14,922.00**  | **$14,922.00**     |
| P. Graham    | 89.4            | 0             | 60          | **$0.00**       | **$0.00**          |
| **Total**    | 1,353.2         | 1,104.0       | --          | **$366,747.00** | **$366,747.00**    |

### C. Non-Taxable Expenses

In addition to reasonable attorneys' fees, Plaintiff seeks $8,810.55 in non-taxable expenses. Such expenses are itemized by category, but not by date.[16] (Doc. 187-4 at 37.) In submitting his request for non-taxable expenses, Plaintiff was required to "itemize and verify costs" with "particularity" and corresponding documentation. LRCiv 54.2(e)(3). Plaintiff's failure to provide any supporting documentation limits the Court's ability to ascertain which charges were reasonably incurred. Nevertheless, the Court finds the amount reasonable and will grant Plaintiff's requested non-taxable expenses.

### D. Taxable Costs

Plaintiff filed a Bill of Costs to be taxed by the Clerk of Court (Doc. 184-1) totaling $4,351.93, for which he seeks reimbursement as the prevailing party in this litigation. Like with non-taxable expenses, the Court has reviewed the claimed taxable costs and supporting documentation. *See* Appendix B. Based upon the provided documentation (Doc. 184-1), Plaintiff is entitled to taxable costs totaling $4,329.83.

. . . .

---

[16] Under the heading "Miscellaneous Charges" Plaintiff lists expenses incurred "from 9/5/14 - 10/1/18." (Doc. 187-4 at 37-38.)

**Figure 2**. A summary of Plaintiff's total requested and awarded attorneys' fees and costs.

|  | Attorneys' Fees | Non-Taxable Expenses | Taxable Costs | **Total** |
|---|---|---|---|---|
| Requested | $446,127.20 | $8,810.55 | $4,351.93 | $459,289.68 |
| **Awarded** | **$366,747.00** | **$8,810.55** | **$4,329.83** | **$379,887.38** |

### III. Conclusion

In sum, Plaintiff is entitled to reasonable attorneys' fees and costs totaling **$379,887.38**.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Supplement Opposition (Doc. 196) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 68 Sanctions (Doc. 186) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Non-Taxable Expenses (Doc. 187) is **granted in part**. Plaintiff shall recover **$379,887.38** in costs and reasonable attorneys' fees.

Dated this 28th day of June, 2019.

_____
Honorable Rosemary Márquez
United States District Judge

**Appendix A.** Attorneys' Fees

1. <u>K.K. Graham</u>

**Figure 3.** This table summarizes the steps taken to calculate the reasonable fee for the hours requested by K.K. Graham as described in the above Order.

|  |  | **Pre-Offer** | **Post-Offer** | **Fee Mtn.** |
|---|---|---|---|---|
| Hours Requested | | 358.3 | 642.4 | 23.3 |
| Pre-Lodestar Reductions | Line-Item | 45.4 | 56.1 | -- |
| | 4.25% | -- | -- | 1.0 |
| Hours Awarded | | 312.9 | 586.3 | 22.3 |
| Hourly Rate | | $375.00 | $375.00 | $375.00 |
| Lodestar | | $117,337.50 | $219,862.50 | $8,362.50 |
| **Reasonable Fee** | | **$117,337.50** | **$219,862.50** | **$8,362.50** |

**Figure 4.** This table is a list of the line-item reductions made to K.K. Graham's billing statements. The shorthand used to designate the reason for the reduction is "ID" for inadequate description; "UC" for an unreasonable charge; "US" for work done on unsuccessful claims; and "CW" for clerical work. Charges subject to line-item reduction that were block-billed with otherwise reasonable charges were reduced in their entirety. *See Med. Protective Co.*, 25 F. Supp. 3d at 1247.

| **Entry Date** | **Hours Reduced** | **Reason** | **Entry Citation** |
|---|---|---|---|
| 12/3/14 | 0.4 | ID | Doc. 187-4 at 2. |
| 12/9/14 | 0.3 | CW | Doc. 187-4 at 3. |
| 1/9/15 | 0.5 | ID | Doc 187-4 at 4. |
| 1/30/15 | 1.5 | UC; ID | Doc. 187-4 at 5. |
| 6/8/15 | 1.0 | CW | Doc. 187-4 at 5. |
| 6/10/15 | 1.3 | US | Doc. 187-4 at 5. |
| 6/10/15 | 0.8 | US | Doc. 187-4 at 5. |
| 6/14/15 | 0.3 | US | Doc. 187-4 at 6. |
| 7/1/15 | 2.3 | US | Doc. 187-4 at 6. |
| 7/4/15 | 1.8 | US | Doc. 187-4 at 6. |
| 7/6/15 | 4.0 | US | Doc. 187-4 at 6 |
| 7/13/15 | 6.7 | US | Doc. 187-4 at 7. |
| 7/14/15 | 0.8 | US | Doc. 187-4 at 7. |
| 7/18/15 | 4.3 | US | Doc. 187-4 at 7. |

| Date | Amount | Type | Reference |
|---|---|---|---|
| 7/31/15 | 1.0 | CW | Doc. 187-4 at 8. |
| 8/3/15 | 2.3 | ID | Doc. 187-4 at 8. |
| 8/14/15 | 0.2 | ID | Doc. 187-4 at 9. |
| 9/26/15 | 2.5 | CW | Doc. 187-4 at 11. |
| 10/12/15 | 4.7 | US | Doc. 187-4 at 12. |
| 11/3/15 | 0.5 | ID | Doc. 187-4 at 12. |
| 11/20/15 | 2.3 | US | Doc. 187-4 at 13. |
| 11/21/15 | 1.5 | US | Doc. 187-4 at 13. |
| 11/25/15 | 1.0 | ID | Doc. 187-4 at 14. |
| 12/24/15 | 3.5 | US | Doc. 187-4 at 13-14. |
| 10/21/16 | 0.3 | ID | Doc. 187-4 at 16. |
| 7/8/17 | 1.0 | US | Doc. 187-4 at 20. |
| 12/30/17 | 2.5 | US | Doc. 187-4 at 24. |
| 1/10/18 | 1.5 | CW | Doc. 187-4 at 25. |
| 1/10/18 | 5.3 | UC; CW | Doc. 187-4 at 25. |
| 1/12/18 | 8.8 | UC; ID | Doc. 187-4 at 25. |
| 8/16/18 | 2.5 | CW | Doc. 187-4 at 29. |
| 8/17/18 | 3.5 | CW | Doc. 187-4 at 29. |
| 8/17/18 | 0.8 | CW | Doc. 187-4 at 29. |
| 8/20/18 | 2.5 | CW | Doc. 187-4 at 29. |
| 8/26/18 | 2.8 | CW | Doc. 187-4 at 30. |
| 8/29/18 | 2.3 | US | Doc. 187-4 at 31. |
| 8/29/18 | 1.2 | US | Doc. 187-4 at 31. |
| 8/31/18 | 0.8 | ID | Doc. 187-4 at 32. |
| 9/7/18 | 3.3 | CW | Doc. 187-4 at 34. |
| 9/7/18 | 5.3 | CW | Doc. 187-4 at 34. |
| 9/9/18 | 2.8 | US | Doc. 187-4 at 34. |
| 9/14/18 | 3.1 | CW | Doc. 187-4 at 35. |
| 9/15/18 | 6.5 | CW | Doc. 187-4 at 35. |

## 2. W. Risner

**Figure 5.** This table summarizes the steps taken to calculate the reasonable fee for the hours requested by W. Risner as described in the above Order.

|  |  | **Pre-Offer** | **Post-Offer** |
|---|---|---|---|
| Hours Requested |  | 30.5 | 0.5 |
| Pre-Lodestar Reductions | Line-Item | 13.1 | 0.5 |
|  | 4.25% | 0.7 | -- |
| Hours Awarded |  | 16.7 | 0.0 |
| Hourly Rate |  | $375.00 | $375.00 |
| Lodestar |  | $6,262.50 | $0.00 |
| **Reasonable Fee** |  | **$6,262.50** | **$0.00** |

**Figure 6.** This table is a list of the line-item reductions made to W. Risner's billing statements. The shorthand used to designate the reason for the reduction is "ID" for inadequate description; "UC" for an unreasonable charge; and "CW" for clerical work. Charges subject to line-item reduction that were block-billed with otherwise reasonable charges were reduced in their entirety. *See Med. Protective Co.*, 25 F. Supp. 3d at 1247.

| **Entry Date** | **Hours Reduced** | **Reason** | **Entry Citation** |
|---|---|---|---|
| 1/17/14 | 6.0 | ID; UC | Doc. 187-7 at 6. |
| 7/31/14 | 2.0 | CW | Doc. 187-7 at 6. |
| 8/15/14 | 0.5 | CW | Doc. 187-7 at 6. |
| 10/28/14 | 1.0 | CW | Doc. 187-7 at 6. |
| 2/13/15 | 3.0 | CW | Doc. 187-7 at 7. |
| 2/27/15 | 0.6 | CW | Doc. 187-7 at 7. |
| 10/31/18 | 0.5 | ID | Doc. 187-7 at 7. |

3. <u>M. Ruiz</u>

**Figure 7.** This table summarizes the steps taken to calculate the reasonable fee for the hours requested by M. Ruiz as described in the above Order.

|  |  | **Pre-Offer** | **Post-Offer** | **Emails** |
|---|---|---|---|---|
| Hours Requested | | 47.2 | 137.80 | 23.9 |
| Pre-Lodestar Reductions | Line-Item | 11.8 | 0.0 | 23.9 |
| | 4.25% | 1.5 | 5.9 | -- |
| Hours Awarded | | 33.9 | 131.9 | 0 |
| Hourly Rate | | $90.00 | $90.00 | $90.00 |
| Lodestar | | $3,051.00 | $11,871.00 | $0.00 |
| **Reasonable Fee** | | **$3,051.00** | **$11,871.00** | **$0.00** |

**Figure 8.** This table is a list of the line-item reductions made to W. Risner's billing statements. The shorthand used to designate the reason for the reduction is "ID" for inadequate description and "UC" for an unreasonable charge. Charges subject to line-item reduction that were block-billed with otherwise reasonable charges were reduced in their entirety. *See Med. Protective Co.*, 25 F. Supp. 3d at 1247.

| **Entry Date** | **Hours Reduced** | **Reason** | **Entry Citation** |
|---|---|---|---|
| 5/12/14 | 0.5 | UC | Doc. 187-5 at 2. |
| 5/30/14 | 0.3 | UC | Doc. 187-5 at 2. |
| 1/9/15 | 0.8 | ID | Doc. 187-5 at 2. |
| 1/30/15 | 0.3 | UC | Doc. 187-5 at 2. |
| 3/2/15 | 0.1 | ID | Doc. 187-5 at 3. |
| 3/3/15 | 0.2 | ID | Doc. 187-5 at 3. |
| 3/12/15 | 0.1 | ID | Doc. 187-5 at 3. |
| 3/26/15 | 0.1 | ID | Doc. 187-5 at 3. |
| 4/7/15 | 0.3 | ID | Doc. 187-5 at 3. |
| 4/14/15 | 0.1 | ID | Doc. 187-5 at 3. |
| 4/24/15 | 0.1 | ID | Doc. 187-5 at 3. |
| 5/28/15 | 6.0 | UC | Doc. 187-5 at 3. |
| 6/5/15 | 0.6 | ID | Doc. 187-5 at 3. |
| 6/12/15 | 2.6 | ID; UC | Doc. 187-5 at 4. |

**Appendix B.** Taxable Costs

**Figure 9.** This table summarizes the taxable costs Plaintiff was allowed by category.

|  |  | **Requested** | **Granted** |
|---|---|---:|---:|
| Fees for/of: | Clerk | $244.00 | $244.00 |
| | Service of Summons and Subpoena | $711.60 | $711.60 |
| | Transcripts | $1,968.60 | $1,946.90 |
| | Witnesses | $331.03 | $331.03 |
| | Copies[17] | $121.70 | $121.30 |
| | Interpreters | $975.00 | $975.00 |
| | **Total** | **$4,352.20** | **$4,329.83** |

---

[17] The receipt at Doc. 184-1 at 33 for copies from the Pima County Clerk of Superior Court is captioned "State of Arizona v. Rosa Aide Medina-Medina, et al." but that caption is crossed out and re-captioned "Herrera." The listed case number corresponds to a criminal case against Medina-Medina and an additional defendant (not Mr. Herrera). The Court included this receipt in reliance on Plaintiff's averment that he is entitled to claim this cost despite its apparent unrelatedness to this case.